ATLANTA MACH. WORKS v. UNITED STATES.

(Circuit Court, N. D. Georgia. February 10, 1902.)

No. 1,541.

SALE—ACTION FOR PRICE—FAILURE TO MAINTAIN DEFENSE—WITHDRAWAL OF COUNTERCLAIM—EFFECT.

In an action against the United States to recover the contract price of lighthouse lanterns constructed for it by plaintiff, defendant set up in defense an amount claimed to have been paid to third persons, who had a contract to build one of the lighthouses, for damages caused to them by plaintiff's delay in furnishing the lanterns for that particular lighthouse, and introduced in evidence a voucher for the amount paid, but no proof to show the justness of the claim, or how and in what manner the third persons were damaged. The court thereupon suggested that the evidence so offered would be insufficient to prove the defense, and counsel for the government withdrew its counterclaim and pleas setting up the same. *Held*, that plaintiff was entitled to judgment for the amount claimed.

John L. Hopkins & Sons, for plaintiff.

E. A. Angier, U. S. Dist. Atty., and Geo. L. Bell and W. L. Massey, Asst. U. S. Dist. Attys.

NEWMAN, District Judge. This is a suit to recover $3,369, alleged to be the contract price of three lighthouse lanterns constructed by the plaintiff for the United States under a contract with the lighthouse board, represented by Col. D. P. Heap, engineer of the Third lighthouse district. The lanterns appear to have been constructed according to contract, were examined and approved by an inspector duly appointed, were shipped and delivered at the proper destination, and were put in place and used by the United States. It appears that there was some delay in the construction of the lanterns, and while they were, according to the contract, to have been completed by the 15th of October, 1899, they were not, in fact, shipped until November 10, 1899. The failure to deliver the lanterns according to the contract was set up by the United States as a defense to this suit. The only damage claimed on behalf of defendant, however, was an amount alleged to have been paid by the government to Toomey Bros. & Co., who had a contract to build one of the lighthouses in which the lanterns constructed by the plaintiff were to be placed, by reason of damage to them caused by the delay of the Atlanta Machine Works in constructing the lanterns to be placed in that particular lighthouse. The only evidence offered by the government to prove that such damage resulted was a voucher for the amount of $1,728.99 paid by the lighthouse board to Toomey Bros. & Co. apparently on this account. This voucher being offered without any evidence whatever to show the justice of the claim made by Toomey Bros. & Co., or how and in what manner they were damaged, and counsel for the United States stating that he had nothing whatever to support it, the court suggested that the evidence so offered would be insufficient to support the defense, whereupon counsel for the government withdrew its counterclaim, and, by leave of the court, the pleas setting same up were withdrawn. The voucher referred to was paid on April 1, 1901,—more

than seven months after this suit was instituted by the Atlanta Machine Works against the United States. The materiality of this fact, however, it is unnecessary to discuss, in view of what has been stated above. Counsel for the plaintiff have contended in this case that there was really no delay on the part of the plaintiff which cannot be justified under a proper view of the facts. They say the plaintiff had no notice until September 28, 1899, that there was any urgent need for the lantern to be placed in the lighthouse at New Haven, and that there was delay on the part of the government in appointing an inspector, and some few days lost by the inspector in getting the opinion of the officers of the lighthouse board in Washington. Some other interesting questions are raised by the evidence, but it is unnecessary to consider any of them, for the reason that the case is controlled by the entire failure of the government to maintain its defense, as hereinbefore stated, and by its withdrawal of its pleas, as has also been mentioned. It is agreed by the parties that there should be a credit of $25 on the amount sued for, because of that amount having been paid by the government for freight, which was properly chargeable to the plaintiff.

### Conclusions of Law.

The conclusion, therefore, necessarily is that the United States are indebted to the plaintiff in the amount of the contract price of these lanterns, less the amount of the freight item referred to, which would entitle it to a judgment for $3,344 principal, with legal interest thereon from December 2, 1899; and judgment is consequently rendered in favor of the plaintiff, the Atlanta Machine Works, against the defendant, the United States of America, for said sum of $3,344 principal, with legal interest from December 2, 1899, with costs of suit.

It is ordered that a transcript of the testimony and a certified copy of the proceedings be transmitted to the attorney general, as required by law.